IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:13-CR-44-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| DEXTER BROWN, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (DE 37). The government responded in opposition and in this posture the issues raised are ripe for ruling. For the following reasons, the motion is denied.

## BACKGROUND

On October 17, 2013, defendant pleaded guilty, pursuant to a written plea agreement, to carjacking, in violation of 18 U.S.C. § 2119 (count one); and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A) (count two). The court held defendant's sentencing hearing on April 3, 2014. The presentence investigation report ("PSR"), which the court adopted, determined defendant pointed a firearm at the victim and demanded that she exit her vehicle so defendant could flee the scene of a prior shooting. Defendant's criminal history includes prior convictions for assault with a deadly weapon inflicting serious injury (two convictions), breaking and entering (two convictions), non-support of a child, possession of stolen goods, assault (multiple convictions), resisting or obstructing a public officer (two convictions), larceny (multiple convictions), assault by pointing a gun, and felon in possession of a firearm. The majority of these convictions, however, were not used to calculate defendant's advisory

Guidelines range due to their age. With offense level 19 and criminal history category IV, defendant's advisory Guidelines range was 130 to 141 months' imprisonment. The court sentenced defendant to 141 months' imprisonment, comprised of 57 months on count one and a consecutive term of 84 months on count two.

Defendant filed the instant pro se motion for compassionate release on July 24, 2020. The court immediately appointed counsel for defendant, who filed memorandum in support of the motion on December 21, 2020. In support, defendant relies upon Federal Bureau of Prisons ("FBOP") administrative records regarding defendant, character letters, medical records, program review, education transcript, employment evaluation, drug treatment certificates, and letter from defendant. The government responded in opposition on January 4, 2021. On February 2, 2021, the government filed notice indicating defendant received the COVID-19 vaccine. Defendant replied on February 4, 2021, supported by medical records documenting defendant recently contracted COVID-19.

## COURT'S DISCUSSION

With limited exceptions, the court may not modify a sentence once it has been imposed. 18 U.S.C. § 3582(c). One exception is the doctrine of compassionate release, which permits sentence reductions in extraordinary and compelling circumstances. As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now permits a defendant to file motion for compassionate release in the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239.

The court may reduce a defendant's term of imprisonment if it "first [finds] that 'extraordinary and compelling reasons warrant[] [a sentence reduction], then consider[s] the [factors set forth in 18 U.S.C. § 3553(a)], and ultimately determine[s] that the requested reduction is consistent with any 'applicable policy statement issued by the Sentencing Commission.'" 18 U.S.C. § 3582(c)(1)(A); United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021); see also United States v. McCoy, 981 F.3d 271, 275-76 (4th Cir. 2020); United States v. Jones, 980 F.3d 1098, 1101 (6th Cir. 2020).[1] The court has "broad discretion" to deny a motion for compassionate release if it determines the § 3553(a) factors do not support a sentence reduction, even if the defendant establishes extraordinary and compelling reasons for release. See Kibble, 992 F.3d at 330-31; McCoy, 981 F.3d at 275; see also United States v. Chambliss, 948 F.3d 691, 693-94 (5th Cir. 2020).

Section 3553(a) requires that the court consider the following factors when imposing a sentence:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; [and]
> . . . .
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

---

[1] The Sentencing Commission has not adopted a policy statement applicable to motions for compassionate release filed by defendants in the sentencing court. Kibble, 992 F.3d at 330; McCoy, 981 F.3d at 281-83. Accordingly, the district court is not required to consider whether the reduction is consistent with U.S.S.G. § 1B1.13, the policy statement applicable to motions for compassionate release filed by the Federal Bureau of Prisons. See Kibble, 992 F.3d at 330-31.

18 U.S.C. § 3553(a). In the context of compassionate release motions, the court should "reconsider[] the § 3553(a) factors in view of the extraordinary and compelling circumstances present" in the case. Kibble, 992 F.3d at 332.

Here, defendant has both contracted COVID-19 and recently received a highly effective vaccine. (See Notices (DE 46, 48)). Defendant's recent vaccination significantly reduces his risk of developing severe COVID-19 disease even in the presence of defendant's underlying health conditions. See, e.g., FDA Review Memorandum at 54, Pfizer-BioNTech COVID-19 Vaccine (Dec. 11, 2020), https://www.fda.gov/media/144416/download. Although the United States Court of Appeals for the Fourth Circuit has not addressed this issue in a published opinion, the court agrees with the growing consensus of district courts that, in general, defendants who have received a highly effective COVID-19 vaccine cannot establish extraordinary and compelling reasons for release based on concerns about contracting COVID-19. See, e.g., United States v. Spencer, No. 7:18-CR-853-DCC-1, 2021 WL 2309979, at *3 (D.S.C. June 7, 2021); United States v. Brown, No. 3:18-CR-44-MOC, 2021 WL 2210864, at *4 (W.D.N.C. June 1, 2021); United States v. Gregory, No. SAG-13-0334, 2021 WL 1909605, at *4 (D. Md. May 12, 2021); United States v. Burks, No. 3:14-CR-208-MOC-1, 2021 WL 1394857, at *3 (W.D.N.C. Apr. 13, 2021).

Defendant also requests compassionate release based on his desire to return home and care for several family members who have chronic and severe health conditions that require significant attention. Defendant's mother, however, submitted correspondence indicating that she currently provides care of these individuals. (See DE 40-5). In the absence of evidence establishing defendant is the only available caregiver for his family members, he cannot establish extraordinary and compelling reasons for release based on his family circumstances. See U.S.S.G. 1B1.13, cmt.

4

1(C)(ii) (providing Sentencing Commission's view that extraordinary and compelling reasons for release may exist where defendant is the only available caregiver for a spouse); United States v. High, 997 F.3d 181, 186 (4th Cir. 2021) (explaining that while U.S.S.G. § 1B1.13 is not currently binding on district courts, it remains "helpful guidance" when considering motions for compassionate release).

Even assuming, however, that defendant had established extraordinary and compelling reasons for release, his release is not supported by the § 3553(a) factors in light of the violent nature of the offense and defendant's violent criminal history, as described above. Defendant argues that his post-sentencing conduct should ameliorate the court's concerns about defendant's violent history. The court acknowledges and commends defendant for his record of achievement in custody, which includes maintaining employment with positive work evaluations, taking numerous educational courses, and completing two drug education programs. Defendant also is compliant with the payment plan for his financial penalties and maintains contact with his family and friends. These factors, however, do not justify a sentence reduction based on the offense conduct and criminal history, even when considered in conjunction with defendant's family circumstances and risk of contracting COVID-19.

Having fully considered defendant's arguments, together with the full record of this case in light of the § 3553(a) factors, defendant's risk of contracting COVID-19, and his family circumstances, the court finds defendant's current sentence remains necessary to reflect the seriousness of the offense, protect the public from further crimes by defendant, and provide both specific and general deterrence to criminal conduct.

**CONCLUSION**

Based on the foregoing, defendant's motion for compassionate release (DE 37) is DENIED.

SO ORDERED, this the 17th day of June, 2021.

_____
LOUISE W. FLANAGAN
United States District Judge